UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LIFE INS. CO. OF NORTH AMERICA,    )<br>                                                              )<br>        Plaintiff,                                  )<br>                                                              )<br>    vs.                                                 )<br>                                                              )<br>JEFF KNIPP and SAMANTHA BRADLEY, )<br>                                                              )<br>        Defendants.                              ) | Case No. 4:12CV542SNLJ |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Knipp's motion for summary judgment [17], filed August 9, 2012.  As of today's date, no interested party has filed a responsive pleading or any pleading objecting to the instant motion.

This ERISA cause of action concerns a group life insurance policy, Policy No. FLX-961648, issued to Brookstone Co., Inc. as part of an employee benefit plan sponsored by Brookstone.  Decedent Tabatha L. Smith was an employee of Brookstone and a participant under the plan at the time of her death on October 12, 2011.

Decedent Smith's death benefit under the Plan was thirty-six thousand dollars ($36,000.00).  At the time of her death, there were two (2) beneficiary designation forms on file with interpleader plaintiff Life Ins. Co. of North America (LINA).  Defendants Bradley and Knipp both claimed to be entitled to the death benefit under one of the subject beneficiary designation forms.

Due to the multiple claims presented to LINA for decedent Smith's death benefits, LINA filed this interpleader action under Rule 22 Fed.R.Civ.P.  *See*, Interpleader Complaint [1], filed March 22, 2012.  Both defendants were served; however, only defendant Knipp filed a timely

answer to the interpleader complaint.  On May 7, 2012 LINA filed its motion to deposit funds [8].  Defendant Knipp filed his response objecting to the motion to deposit funds.  *See*, Defendant Knipp's Response [9 and 10], filed May 8, 2012.  Defendant Knipp objected to the depositing of the entirety of the disputed funds; i.e. $36,000.00, instead arguing that he was entitled to at least 50% of the funds, and that given defendant Bradley's failure to respond to the lawsuit, only her alleged entitlement of $18,000.00 should be deposited into the court registry.

On June 20, 2012 LINA filed its motion for default judgment as to defendant Bradley.  On July 19, 2012 this Court entered a judgment of default against defendant Bradley.  *See*, Court Order of Default Judgment [15].  On July 19, 2012, by docket text order, this Court granted LINA's motion to deposit interpleader funds.  *See*, Docket Text Order [16].  On August 18, 2012, LINA deposited the amount of $36,000.00 into the court registry.

Defendant Knipp now seeks summary judgment and payment from the court registry of the entire amount of the interpleader funds, $36,000.00 to him alone.  He contends, and no interested party argues otherwise, that the default judgment against defendant Bradley is now final, and that once the interpleader funds have been paid into the court registry (which has now occurred), there is no factual or legal dispute between LINA and the remaining defendant Knipp.  Defendant Knipp further argues that based upon the Court's directive that costs of litigation be awarded to plaintiff's counsel, the parties have agreed upon a reasonable attorneys' fees award of $2250.00 to the lawfirm Hinshaw & Culbertson, LLP for the benefit of plaintiff Life Ins. Co. of North America (LINA).  Thus, he requests that summary judgment be entered in his favor, and the Clerk of the Court be directed to pay to defendant Knipp the sum of $33,750.00 and to Hinshaw & Culbertson, LLP the sum of $2250.00 for the benefit of plaintiff Life Ins. Co. of North America.

In light of the circumstances, including the default judgment against defendant Bradley, the payment of the interpleader funds into the court registry, and the failure of any interested party to respond to the instant summary judgment motion, the Court finds that no material factual or legal dispute exists precluding the granting of summary judgment to defendant Knipp.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Knipp's motion for summary judgment [17] be and is **GRANTED.**

**IT IS FURTHER ORDERED** that attorneys' fees in the amount of $2250.00 are hereby awarded to the lawfirm of Hinshaw & Culbertson, LLP for the benefit of plaintiff Life Ins. Co. of North America.

**IT IS FINALLY ORDERED** that the Clerk of the Court is hereby directed to release the sum of $33,750.00 to defendant Jeff Knipp from the interpleader funds filed in this cause of action; and to release the sum of $2250.00 to Hinshaw & Culbertson, LLP for the benefit of plaintiff Life Ins. Co. of North America from the interpleader funds filed in this cause of action.

Dated this  17th  day of October, 2012.

_____
UNITED STATES DISTRICT JUDGE